# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE ARRINGTON, | ) | Case No. 5:25-cv-01331 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Reuben J. Sheperd |
| | ) | |
| FRANK BISIGNANO, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

Following the Court's order remanding Plaintiff Christine Arrington's disability claim for further administrative proceedings (ECF No. 12), Plaintiff moved for attorneys' fees pursuant to 28 U.S.C. § 2412.  (ECF No. 13, PageID #1.)  For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action pursuant to Section 405(g) of the Social Security Act to obtain judicial review of the final administrative determination of the Commissioner.  (ECF No. 1, ¶ 1, PageID #1.)  The Commissioner had denied Plaintiff's claim for benefits pursuant to Titles II and XVI of the Social Security Act and Plaintiff had then exhausted all administrative remedies before appealing to this Court.  (*Id.*, ¶¶ 4-7, PageID #1-2.)

On appeal, Plaintiff contended that the administrative law judge failed to explain why his determination was at odds with medical opinions he classified as

persuasive.  (ECF No. 9, PageID #951.)  Thereafter, the parties filed a joint stipulation requesting that the matter be remanded to the Commissioner for further proceedings.  (ECF No. 11.)  Neither party's reasoning was included in the request. (*Id*.)  The Court remanded the matter accordingly.  (ECF No. 12.)

On February 17, 2026, Plaintiff filed a motion for attorney's fees to be paid by Defendant pursuant to Section 2412 of the Equal Access to Justice Act.  (ECF No. 13, PageID #970.)  More specifically, she requested payment of $4,797.00 for 19.50 hours of work at an hourly rate of $246.00.  (ECF No. 13-1.)  Defendant made no response to this motion.

## ANALYSIS

Under 28 U.S.C. 2412, courts must award attorney's fees and other expenses to a prevailing party who sued the United States for judicial review of an agency action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  We therefore consider, in turn, substantial justification and the justness of the award.

The burden of demonstrating substantial justification rests with the government.  *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).  The Supreme Court defines "substantially justified" as "justified in substance or in the main" which is "justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  Accordingly, Defendant must establish that the government's position at both the administrative level and during litigation was

2

supported by:  "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998).  In cases where the government agrees to remand the case, "failure to articulate the bases for [the Social Security Administration's] voluntary remand prohibits the Court from finding that its position at the administrative level was substantially justified." *Rivera-Reyes v. Kijakazi*, 684 F. Supp. 3d 361, 367–68 (E.D. Pa. 2023).  In such a scenario, voluntary remand "concedes that the [agency] initially, and repeatedly, overlooked *something* material (either legal theory or facts) at the administrative level." *Id.*, at 378 (original emphasis).

Then, the question becomes whether a proposed award is unjust.  "A court calculates a reasonable award by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate." *Peyton v. Kijakazi*, 557 F. Supp. 3d 136, 141 (D.D.C. 2021) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). This rate is based on "prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).

Though the "fee applicant bears the burden of establishing entitlement to a reasonable award and documenting the appropriate hours expended," the Court may not *sua sponte* order a reduction in what it perceives to be an excessive fee; rather, the opposing party must provide a specific objection to the request.  *Rivera-Reyes*, 684

3

F. Supp. 3d at 368 (citing *Hensley*, 461 U.S. at 437, *United States v. Eleven Vehicles*, 200 F.3d 203, 212 (3d Cir. 2000)).

Here, the Commissioner agreed to remand without further explanation of its position, triggering the common-sense presumption that the government's position was not substantially justified. Also, he declined to present any argument why Plaintiff's request for compensation might constitute an unjust award under Section 2412(d). In the Court's experience, Plaintiff's requested hourly rate and the number of hours expended on this case are reasonable and concsitent with other cases of this kind.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for attorneys' fees and **AWARDS** fees in the amount of $4,797.00.

**SO ORDERED.**

Dated: April 7, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio

4